**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWINDER SINGH SANGHERA; HARJEET KAUR, | Nos. 07-74413 08-70697 |
| Petitioners, | Agency Nos. A095-574-816 A095-574-817 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:   ALARCÓN, LEAVY, and GRABER, Circuit Judges.

In these consolidated petitions for review, Balwinder Singh Sanghera and

Harjeet Kaur, natives and citizens of India and permanent residents of the

Philippines, petition for review of the Board of Immigration Appeals' ("BIA")

orders denying their motions to reopen and reconsider. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen or reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005) , and we deny in part and dismiss in part the petitions for review.

The BIA correctly construed petitioners' November 14, 2007, motion as a motion to reopen and reconsider.  *See Mohammed*, 400 F.3d at 792-93 (BIA should construe the motion based on its underlying purposes).

The BIA acted within its discretion in denying the November 14, 2007, motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying petitioners' first motion to reopen.  *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).

The BIA also acted within its discretion in denying petitioners' June 5, 2007, and November 14, 2007, motions to reopen because in both instances the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to toll the deadline or to warrant reopening.  *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

We lack jurisdiction to review petitioners' contention that prior counsel provided ineffective assistance because they failed to raise that issue before the BIA and thereby failed to exhaust their administrative remedies. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (court lacks jurisdiction to review ineffective assistance of counsel claim not raised before the agency).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**